IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KRIS LANDON GREENE,                    §
Dall. Cnty. Jail Bookin No. 23018595,  §
                                       §
            Petitioner,                §
                                       §
V.                                     §          No. 3:23-CV-2869-D
                                       §
DALLAS COUNTY,                         §
                                       §
            Respondent.                §

## **ORDER**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case.   No objections were filed.   The undersigned district judge reviewed the proposed findings, conclusions, and recommendation for plain error.   Finding none, the court adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

To the extent that petitioner's habeas petition challenges a detention arising "out of process issued by a State court," 28 U.S.C. § 2253(c)(1); *see Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998), such that a certificate of appealability ("COA") is required, the court denies a COA.

The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation ("FCR") in support of its finding that petitioner has failed to show (1) that reasonable jurists would find the "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional

right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the same reasons, the court prospectively certifies under 28 U.S.C. § 1915(a)(3), and as fully explained in the FCR, that an appeal would not be taken in good faith. The court accordingly prospectively denies petitioner leave to appeal *in forma pauperis*.

Although the court has certified that the appeal is not taken in good faith, the court notifies petitioner that he may challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a motion to proceed IFP on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order.

**SO ORDERED**.

February 13, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE